# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **MP STAR FINANCIAL, INC.,** | **CASE NO. 1:19-CV-00537** |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **NEXIUS SOLUTIONS, INC.,** | **MEMORANDUM OF OPINION AND ORDER** |
| **Defendant.** | |

Currently pending is Defendant Nexius Solutions, Inc.'s ("Nexius") Motion to Transfer Venue. (Doc. No. 9.) Plaintiff MP Star Financial, Inc. ("MP Star") filed a brief in opposition on July 8, 2019, to which Nexius replied on July 15, 2019. (Doc. Nos. 11, 12.) For the following reasons, Nexius's Motion to Transfer Venue is DENIED.

### I. Background

#### a. Factual Background

MP Star is an Ohio corporation, and its principal place of business is in Cuyahoga County, Ohio. (Doc. No. 1 at ¶ 1.) MP Star is in the business of invoice and accounts receivable factoring. (*Id.*) As such, MP Star makes cash advances to clients, and in return, the clients assign, sell, and transfer their accounts receivable to MP Star. (*Id.*) MP Star then "collects the accounts receivable and refunds the receivable to the client, less the percentage value of the advance, MP Star's fees, and service charges." (*Id.*)

In December 2015, MP Star and All Cell Communications, LLC ("All Cell") entered into a Factoring and Security Agreement (the "Factoring Agreement"). (*Id.* at ¶ 7.) Under the agreement, All Cell agreed to assign its accounts receivable to MP Star in exchange for immediate cash advances.

(*Id.*)  The Factoring Agreement also provided that any suit arising from the agreement "shall, if [MP Star] so elects, be instituted exclusively" in the state or federal courts located in Cuyahoga County, Ohio.  (Doc. No. 11-2 at 2, 13.)

All Cell later provided construction services to Nexius, and pursuant to the Factoring Agreement, All Cell assigned to MP Star the accounts receivable that resulted from those services. (Doc. No. 1 at ¶¶ 8-9; Doc. No. 9 at 1.)  All Cell provided its services to Nexius pursuant to a Master Construction Subcontracting Agreement ("MSA") and individual purchase orders (the "Purchase Orders"), although the parties dispute whether the Purchase Orders supersede the MSA.  (Doc. No. 11 at 3-4; Doc No. 12 at 2-3.)  The MSA and the Purchase Orders also have forum selection clauses. The MSA provides, "This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Virginia . . . . All disputes arising out of this Agreement shall be brought in Arlington, Virginia, and both Parties to this Agreement consent to jurisdiction."  (Doc. No. 9-1 at 22-23.)  The Purchase Orders, in contrast, provide only that "[t]his Order shall be governed by the laws of the Commonwealth of Virginia and Seller consents to jurisdiction hereto."  (Doc. No. 11-1 at 9.)[1]

MP Star asserts that in March 2017, it provided notice to Nexius that MP Star, as assignee, was the proper payee for any accounts payable to All Cell.  (Doc. No. 1 at ¶ 10.)  Despite this notice, MP Star alleges that Nexius improperly paid $104,957.06 to All Cell instead of MP Star and that Nexius has failed to make payments on additional accounts assigned to MP Star in the amount of $418,498.81.  (*Id.* at ¶¶ 14-15.)

---

[1] MP Star submitted only one of the Purchase Orders with its opposition, but warrants that the terms contained in each are identical.  (Doc. No. 11 at 1 n.1.)

2

### b. Procedural History

On March 11, 2019, MP Star filed a complaint against Nexius, asserting that Nexius's actions "constitute violations of the Assignment and thereby subject[] Nexius to liability to Plaintiff for the payments made to All Cell and the amount Nexius has failed to remit to Plaintiff for outstanding accounts receivable." (*Id.* at ¶ 22.)

On June 3, 2019, Nexius filed an answer to the complaint. (Doc. No. 7.) The same day, Nexius also filed its Motion to Transfer Venue that is presently under consideration. (Doc. No. 9.) Therein, Nexius seeks to enforce the forum selection clause in the MSA and moves the Court to transfer this case to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a). (*Id.* at 1.) On July 8, 2019, MP Star filed a response. (Doc. No. 11.) In its brief, MP Star makes several arguments as to why the parties' dispute is not subject to the forum selection clause in the MSA, and instead asserts that the forum selection clauses in the Factoring Agreement and the Purchase Orders should govern. (*Id.*) Nexius filed a reply on July 15, 2019. (Doc. No. 12.)

The matter was then reassigned to the undersigned pursuant to General Order 2019-13.

## II. Standard of Review

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Ordinarily, when considering a motion brought under 28 U.S.C. § 1404(a), a district court "must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 62 (2013). After weighing the relevant

factors, the court must then "decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Id.* at 62-63 (quoting 28 U.S.C. § 1404(a)). The party requesting the transfer "bears the burden of proof to show the factors weigh 'strongly' in favor of transfer." *Goodrich Corp. v. Winterthur Int'l Am. Ins. Co.*, No. 5:02CV367, 2002 WL 31833646, at *6 (N.D. Ohio June 17, 2002) (quoting *Picker Int'l, Inc. v. Travelers Indem. Co.*, 35 F. Supp. 2d 570, 573 (N.D. Ohio 1998)).

However, this analysis changes "when the parties' contract contains a valid forum-selection clause." *Atl. Marine*, 571 U.S. at 63. In that situation, "a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Id.* at 52.

### III. Analysis

#### a. The MSA's Forum Selection Clause

Given the substantial effect that a valid forum selection clause has on the transfer analysis, the Court must first determine whether the forum selection clause in the MSA relied on by Nexius supports Nexius's motion to transfer this case to the Eastern District of Virginia. Both parties vigorously contest whether the clause is applicable to the parties' dispute. However, neither party addresses whether the clause—assuming it applies and is enforceable—provides for venue in a federal court in the Eastern District of Virginia in the first place. The Court finds that it does not.

When there are no federal courthouses in the geographic area designated by a forum selection clause, the clause provides for venue solely in the state courts of that area. *E.g.*, *Bartels v. Saber Healthcare Grp., LLC*, 880 F.3d 668, 674 (4th Cir. 2018) ("Because there is no federal courthouse in the designated county, removal of the case to federal court would mean that the dispute would be

resolved in a county other than the one designated by the contract."); *Yakin v. Tyler Hill Corp.*, 566 F.3d 72, 76-77 (2d Cir. 2009) (holding remand to state court was proper because the forum selection clause required litigation to occur "in Nassau County, New York," and there were no federal courts in Nassau County); *FIMCO Services, LLC v. FirstMerit Bank, N.A.*, No. 1:10–cv–72, 2010 WL 5184885, at *5 (E.D. Tenn. Dec. 15, 2010) ("[T]he Court cannot ignore the fact that there is no federal court sitting in Stark County, Ohio. . . . Therefore, the forum selection clause at issue in this case, if the Court were to find it otherwise valid and applicable to these claims, specifies venue solely in Ohio state courts sitting in Stark County.").

Here, the MSA's forum selection clause requires disputes arising out of the agreement to "be brought *in Arlington, Virginia.*" (Doc. No. 9-1 at 23 (emphasis added).) But there are no federal district courts in Arlington, Virginia. The district courts of the Eastern District of Virginia sit in Alexandria, Norfolk, Richmond, and Newport News—not in Arlington. *See* 28 U.S.C. § 127. Consequently, the MSA's forum selection clause specifies venue solely in Virginia state courts located in Arlington, Virginia.

As a result, Nexius's request that the Court enforce the MSA's forum selection clause by transferring this case to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a) is improper. "Section 1404(a) . . . provides a mechanism for enforcement of forum-selection clauses that *point to a particular federal district.*" *Atl. Marine*, 571 U.S. at 59 (emphasis added). In contrast, "the appropriate way to enforce a *forum-selection clause pointing to a state or foreign forum* is through the doctrine of *forum non conveniens*." *Id.* at 60 (emphasis added); *see also FIMCO Services*, 2010 WL 5184885, at *5 ("[W]here a valid forum selection clause specifies venue exclusively in a non-federal forum, transfer pursuant to § 1404(a) transfer is wholly unavailable as the court's only option

5

is either dismissal (so that the claims may be refiled in the appropriate non-federal forum) or remand (where the case was originally removed from the appropriate state forum).")."). Thus, the appropriate procedure for enforcing the terms of the forum selection clause at issue in the MSA is through a *forum non conveniens* motion seeking dismissal.

Because Nexius has not moved for dismissal—and has instead moved to transfer the case to a federal venue that is unavailable under the terms of the MSA's forum selection clause—the Court finds that the forum selection clause does not support Nexius's motion to transfer regardless of whether it is enforceable or whether it applies to the parties' dispute.[2] As a result, the Court will analyze Nexius's motion under the ordinary principles that govern motions to transfer pursuant to 28 U.S.C. § 1404(a) when no valid mandatory forum selection clause is in effect. *See FIMCO Services*, 2010 WL 5184885, at *7 (deciding "not [to] analyze the forum selection clause as a contractual term Defendant would be seeking to enforce" when "Defendant asked for transfer to a federal venue unavailable under the terms of th[e] agreement").

### b. Appropriateness of Transfer

As the party seeking the transfer, Nexius bears the burden of proof to show that the convenience of the parties and public-interest considerations weigh strongly in favor of transfer. *Goodrich Corp.*, 2002 WL 31833646, at *6. "Factors relating to the parties' private interests include 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case

---

[2] To be clear, the Court makes no ruling regarding whether the MSA's forum selection clause is enforceable or applicable to the parties' dispute.

6

easy, expeditious and inexpensive.'" *Atl. Marine*, 571 U.S. at 62 n.6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6 (1981)). Public-interest factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.*

In addition, courts should "give 'great' or 'substantial' weight to the Plaintiff's choice of forum." *Wax v. Stein World, L.L.C.*, No. 1:07CV3253, 2008 WL 2227350, at *3 (N.D. Ohio May 2, 2008), *report and recommendation adopted*, 2008 WL 2227347 (N.D. Ohio May 27, 2008). "This is especially true where the plaintiff also resides in the chosen forum." *Smith v. Kyphon, Inc.*, 578 F. Supp. 2d 954, 962 (M.D. Tenn. 2008). Courts may also consider the nature of the suit and the place of the events involved. *Wax*, 2008 WL 2227350, at *3.

In this case, Nexius has not met its burden to show that transfer is warranted. MP Star, as the plaintiff, has chosen to file suit in this Court. Moreover, MP Star resides in this judicial district, as it is an Ohio corporation that has its principal place of business in Cuyahoga County, Ohio. *See* 28 U.S.C. § 115(a). MP Star's choice of forum is therefore entitled to substantial weight. Further, although disputed by Nexius, MP Star has alleged that Nexius made approximately fifty-two payments to MP Star in Ohio in accordance with the assignment from All Cell. (Doc. No. 1 at ¶¶ 5, 13; Doc. No. 7 at ¶¶ 5, 13.)

There also is no indication that transferring this action to the Eastern District of Virginia would be more convenient for any of the parties or non-parties involved. Nexius is a Texas corporation with its principal place of business in Frisco, Texas. (Doc. No. 1 at ¶ 2; Doc. No. 7 at ¶ 2.) All Cell is a Texas limited liability company, and its principal place of business is in Michigan. (Doc. No. 1 at ¶ 6.) Nexius has not provided any evidence that transferring the case to Virginia—in

which no relevant entity is located—would be more convenient for any party or witness. Instead, it appears a transfer would merely cause additional inconvenience and expense for MP Star.

On the other hand, both parties concede that the Purchase Orders' forum selection clause designates Virginia—not limited to Arlington—as a proper venue for any disputes. (*See* Doc. No. 11 at 9; Doc. No. 12 at 4.) However, that clause only provides "consent" to jurisdiction in Virginia, and is therefore permissive. As a result, it is has "little weight in deciding whether to transfer venue," even if the Court assumes that the Purchase Orders supersede the MSA. *Kendle v. Whig Enterprises, LLC*, No. 2:15-cv-1295, 2016 WL 354876, at *5 (S.D. Ohio Jan. 29, 2016) (quoting *Flight Sols., Inc. v. Club Air, Inc.*, No. 3:09-CV-1155, 2010 WL 276094, at *3 (M.D. Tenn. Jan. 14, 2010)).[3] The only other factor favoring transfer is that courts in the Eastern District of Virginia are more familiar with Virginia law, and both the Purchase Orders and the MSA contain choice-of-law provisions indicating that Virginia law applies. However, this is insufficient to show that the balance of factors weighs strongly in favor of transferring this action to the Eastern District of Virginia, especially in light of the substantial weight that must be given to MP Star's choice of forum. *Id.* at *9 (denying motion to transfer to the Northern District of Florida even though Florida law applied to the dispute and a permissive forum selection clause designated Florida as a proper venue).

Accordingly, Nexius has not demonstrated that a transfer would serve the convenience of the parties and witnesses or otherwise promote the interest of justice.

## IV. Conclusion

For the reasons set forth above, Nexius's Motion to Transfer Venue is DENIED.

---

[3] It is also unnecessary for the Court to decide whether the forum selection clause in the Factoring Agreement applies to MP Star's claim related to Nexius's allegedly misdirected payment because it would not change the Court's holding.

8

**IT IS SO ORDERED.**

Date: August 19, 2019

    *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE